UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT OSTER, | Case No. 20-cv-01125-JD |
| Plaintiff, | |
| v. | **ORDER RE DISMISSAL** |
| SANTA CLARA COUNTY DISTRICT ATTORNEY'S OFFICE, et al., | |
| Defendants. | |

Pro se plaintiff Brent Oster sued the County of Santa Clara and several District Attorneys for the County of Santa Clara (the County), and the City of Gilroy and the Gilroy Chief of Police (the City), in state court for negligence, prosecutorial misconduct, and fraud. *See* Dkt. No. 1-2.[1] Oster alleges that the defendants maliciously prosecuted him for domestic violence charges following his divorce. *Id.* at 1. The County removed the action to federal court, without opposition, on the basis of 28 U.S.C. § 1331 in light of the claims brought under 42 U.S.C. §§ 1983 and 12132. Dkt. No. 1 ¶¶ 6-8, 12; Dkt. No. 1-2 ¶ 1.

The County and City made separate requests to dismiss Oster's claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 7, 8. Before Oster responded, the City filed another motion to dismiss under Federal Rule of Civil Procedure 41(b), which was denied. Dkt. Nos. 20, 26. Oster filed a motion in opposition to the Rule 41(b) motion, which in effect addresses the Rule 12(b)(6) motions to dismiss. Dkt. No. 25.[2]

---

[1] Oster filed an amended complaint in state court after removal that does not appear to have been served formally but was attached to the removal notice and is, for practical purposes, the operative complaint. Dkt. No. 1 ¶ 5; Dkt. No. 1-3.

[2] Oster filed three sets of exhibits "as evidence to support the answer of plaintiff." Dkt. No. 21 at 1; Dkt. No. 22 at 1; Dkt. No. 23 at 1. He also filed a "memorandum" about a "state bar report against Michael Moreno." Dkt. No. 29. The Court did not consider those filings for this Rule

In September 2021, Oster agreed to dismiss all claims against the City with prejudice. *See* Dkt. No. 36. Oster's claims for malicious prosecution and aiding and abetting fraud against the County, and the County's motion to dismiss, remained pending. *See* Dkt. No. 1-2 ¶¶ 43-68; Dkt. No. 7. The parties' familiarity with the record is assumed, and dismissal is granted.

The Court has afforded Oster and his complaint a liberal construction, as is appropriate for pro se litigants, but he must still allege facts plausibly demonstrating a claim for relief for the complaint to go forward. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Nordin v. Scott*, No. 21-cv-04717-JD, 2021 WL 4710697, at *1 (N.D. Cal. Oct. 8, 2021).

The complaint does not pass review under Rule 8 or Rule 12(b)(6). Although the complaint is not entirely clear on the applicable law, the only apparent federal claims are under Section 1983 for "prosecutorial misconduct." *See* Dkt. No. 1-2 ¶¶ 43-62. It is possible to state a claim for malicious prosecution under 42 U.S.C. § 1983 when the prosecution is "conducted with the intent to deprive a person of equal protection of the laws" or "to subject a person to a denial of constitutional right." *Usher v. City of Los Angeles*, 828 F.2d 556, 561-62 (9th Cir. 1987). On that score, Oster says that the County selectively prosecuted him and failed to prosecute his ex-spouse based on differential treatment of gender. Dkt. No. 1-2 ¶¶ 49-50, 76-81. But the problem is that the complaint did not allege that Oster had obtained a favorable termination of the prosecutions, which is required for a civil claim of prosecutorial misconduct under Section 1983. *See Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994); *see also McDonough v. Smith*, 139 S. Ct. 2149, 2156-57 (2019). If anything, the complaint indicates that the criminal proceedings against him were unresolved when it was filed. *See* Dkt. No. 1-2 ¶ 40; *see also* Dkt. No. 25 at 10.

Consequently, the Section 1983 claims are dismissed with leave to amend. An amended complaint, if filed, must plausibly allege that the criminal proceedings ended favorably for Oster. No new claims or parties may be added without the Court's prior consent.

That resolves the only federal claim in the complaint. Until a plausible federal claim is alleged, the Court declines to exercise supplemental jurisdiction over his state law claims. 28

---

12(b)(6) order. *See Perez v. Mortg. Elec. Registration Sys., Inc.*, No. 3:17-cv-04880-JD, 2018 WL 3109599, at *1 (N.D. Cal. June 25, 2018), *aff'd*, 959 F. 3d 334 (9th Cir. 2020).

U.S.C. § 1376(c)(3); *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *see also Doe v. City of Concord*, No. 20-cv-02432-JD, 2021 WL 3140782, at *2 (N.D. Cal. July 26, 2021). Oster may file an amended complaint by November 28, 2022. A failure to meet this deadline will result in a dismissal of the case under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  November 4, 2022

JAMES DONATO
United States District Judge